**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-1562**

BASHKIM BAJRAKTARI,

          Petitioner,

     v.

ERIC H. HOLDER, JR.,

          Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: November 18, 2013     Decided: December 5, 2013

Before NIEMEYER, DAVIS, and FLOYD, Circuit Judges.

Petition dismissed in part, denied in part by unpublished per curiam opinion.

Andrew P. Johnson, LAW OFFICES OF ANDREW P. JOHNSON, New York, New York, for Petitioner. Stuart F. Delery, Assistant Attorney General, Melissa Neiman-Kelting, Senior Litigation Counsel, Anthony J. Messuri, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bashkim Bajraktari, a native and citizen of Albania, petitions for review of an order of the Board of Immigration Appeals dismissing his appeal from the Immigration Judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss in part and deny in part the petition for review.

Bajraktari challenges the finding below that no exception applied to excuse the untimely filing of his asylum application. Under 8 U.S.C. § 1158(a)(3) (2012), the Attorney General's decision regarding whether an alien has complied with the one-year time limit for filing an application for asylum or established changed or extraordinary circumstances justifying waiver of that time limit is not reviewable by any court. Gomis v. Holder, 571 F.3d 353, 358-59 (4th Cir. 2009). Although 8 U.S.C. § 1252(a)(2)(D) (2012) provides that nothing in § 1252(a)(2)(B), (C), "or in any other provision of this chapter . . . which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law," this court has held that the question of whether an asylum application is untimely or whether the changed or extraordinary circumstances exception applies "is a discretionary determination based on factual circumstances." Gomis, 571 F.3d at 358 (emphasis omitted). Accordingly, "absent

2

a colorable constitutional claim or question of law, [the court's] review of the issue is not authorized by § 1252(a)(2)(D)." Id. Because Bajraktari fails to raise any such issues, we lack jurisdiction to review this finding. We therefore dismiss the petition for review of Bajraktari's asylum claim.

Next, Bajraktari disputes the conclusion that he failed to qualify for the relief of withholding of removal. "Withholding of removal is available under 8 U.S.C. § 1231(b)(3) [(2012)] if the alien shows that it is more likely than not that [his] life or freedom would be threatened in the country of removal because of [his] race, religion, nationality, membership in a particular social group, or political opinion." Gomis, 571 F.3d at 359 (internal quotation marks omitted); see 8 U.S.C. § 1231(b)(3). We have reviewed the record and conclude that substantial evidence supports the agency's determination that Bajraktari failed to demonstrate a clear probability of future persecution on account of a protected ground. Because the evidence does not compel us to conclude to the contrary, we uphold the denial of relief. See Djadjou v. Holder, 662 F.3d 265, 273 (4th Cir. 2011), cert. denied, 133 S. Ct. 788 (2012). Finally, we uphold the finding below that Bajraktari did not demonstrate that it is more likely than not that he would be tortured if removed to Albania so as to qualify for protection

3

under the Convention Against Torture.  8 C.F.R. § 1208.16(c)(2)
(2013).

We accordingly dismiss in part and deny in part the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DISMISSED IN PART,
DENIED IN PART